UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| WILLIAM T. LAPLANTE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-240 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| MARCIE ELLISON, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a former state prisoner. Defendants Ellison, O'Neal, and Shea are employees of Project Rehab, a halfway house and drug treatment facility acting under contract with the Michigan Department of Corrections (MDOC). Defendant Elland is an employee of the Department of Corrections. At the time plaintiff filed his *pro se* complaint, he was assigned by the MDOC to the Project Rehab facility in Grand Rapids, Michigan, as a parolee prefatory to his release on parole into the community. His complaint alleges that defendants denied him access to a law library for purposes of researching and writing an application for leave to appeal to the Michigan Supreme Court challenging his criminal conviction.

After defendants filed an answer to the complaint, the court scheduled the matter for a Rule 16 conference, for purposes of establishing dates and deadlines in the case. (Order, docket # 20). The order required plaintiff to coordinate the preparation of a joint status report. Plaintiff failed to do so, but defense counsel took the initiative in preparing a report. According to the joint status report (docket # 21), plaintiff was uncommunicative and uncooperative in this process. As

a result, the report does not contain the appropriate input from the plaintiff. Furthermore, during this process, plaintiff was released from the Grand Rapids facility and was allowed to move to Marquette, where he is now being supervised on parole. (The website of the Michigan Department of Corrections confirms this fact.) Plaintiff has never informed this court of his current address or telephone number.

The court convened the Rule 16 conference at 10:15 a.m., on Friday, June 29, 2012, allowing plaintiff an extra fifteen minutes to appear. Defense counsel appeared, but plaintiff did not. Plaintiff has not contacted the court in any fashion concerning this conference.

In summary, plaintiff has failed to cooperate in the preparation of a joint status report, failed to appear as required on June 29, 2012, and failed to keep the court apprised of his current address and telephone number. Rule 16(f) of the Federal Rules of Civil Procedure allows the court to sanction a party for failure to appear at a scheduling conference, or failure to participate in good faith in the case scheduling process. Local Civil Rule 41.1 further requires all parties to keep the court apprised of a current address. Plaintiff has failed to pursue this case in any way, and I can only conclude that he has lost interest in pursuing it. The court cannot manage a case if the plaintiff fails to cooperate in the case management process, nor should defendants be put to the expense of hiring counsel to defend a case plaintiff fails to prosecute. I have considered lesser sanctions and all other relevant factors identified by the Sixth Circuit, *see Schreiber v. Moe*, 320 F. App'x 312, 317-18 (6th Cir. 2008), and find that no alternative sanctions short of dismissal would protect the integrity of pretrial procedures. In these circumstances, a dismissal of the case without prejudice is in the interest of justice and is well within the court's broad discretion under Fed. R. Civ. P. 16(f)(1).

**Recommended Disposition**

I recommend that this case be dismissed without prejudice and without costs to any party, for want of prosecution.


Dated:   June 29, 2012                         /s/  Joseph G. Scoville
                                                United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).